IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ERNEST SOTO, aka VINCENT SOTO MARGUEZ,<br><br>Plaintiff,<br>v.<br><br>STEVE ROBBINS, Sheriff; L. LOFANO, Chief Deputy; CRAIG WILSON, Lieutenant Sheriff; and J. CAREY, Officer (CDC),<br><br>Defendant. | No. C 09-0074 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff's claim arise from events at the Santa Cruz County Jail. In his first claim plaintiff alleges that at a disciplinary hearing he was not given notice of the charge against him, not allowed to call witnesses, and was not allowed to read a statement. These allegations are sufficient to state a due process claim in the abstract, *see Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974), but plaintiff has failed to state a claim because he does not say what each of the named defendants personally did that allegedly violated his rights, *see Ashcroft v. Iqbal*, No. 07-1015, slip op. at 15 (U.S. May 18, 2009). This claim will be dismissed with leave to amend to allege facts regarding what each defendant did in connection with the purported violation of plaintiff's rights at the disciplinary hearing.

In his second claim he contends that a purported consent decree in a case called *Sandoval v. Noren* was violated. Such decrees or orders do not create "rights, privileges or immunities secured by the Constitution and laws" of the United States. *Green v. McKaskle*, 788

F.2d 1116, 1123-24 (5th Cir.1986) (quoting section 1983) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights); *see also DeGidio v. Pung*, 920 F.2d 525, 534-35 (8th Cir.1990). Thus, a civil rights action cannot be used to enforce a remedial decree. *Cagle v. Sutherland*, 334 F.3d 980, 986-87 (11th Cir.2003); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir.1996). The second claim will be dismissed without leave to amend.

In his third claim plaintiff contends that his placement in the disciplinary isolation unit for fifteen days violated his Eighth Amendment right not to be subject to cruel and unusual punishment. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff contends that in the disciplinary isolation unit he was not allowed visits and was only allowed out of his cell for four hours per week, was not allowed to interact with other inmates, had to eat his meals next to a toilet, and was not allowed to shower every day. Given that plaintiff was only in the unit for fifteen days, these allegations are not sufficient to state a plausible claim that his Eighth Amendment rights were violated. *See Norwood v. Vance*, No. 07-17322, slip op. at 8506-07 (9th Cir. July 9, 2009) (citing *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (temporary denial of outdoor exercise with no medical effects not a substantial deprivation). This claim will be dismissed with leave to amend to allege facts that would state a plausible claim that the conditions were sufficiently serious to amount to an Eighth Amendment violation.

In his fourth claim plaintiff contends that the grievance system "is corrupt," in that an employee who is the target of a complaint can investigate and rule on the grievance against him or her. This does not state a federal claim because there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)

3

(although there certainly is a First Amendment right to petition the government for redress of grievances, there is no right to a response or any particular action).  Plaintiff's fourth claim will be dismissed without leave to amend.

## CONCLUSION

1. Plaintiff's second and forth issues are **DISMISSED** without leave to amend.  His first and third issues are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address."  Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned.  Petitioner also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July   10  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\SOTO0074.DWLTA.wpd