IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ERNEST SOTO, aka VINCENT SOTO MARQUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>L. LOFANO, Chief Deputy; CRAIG WILSON, Lieutenant Sheriff; and J. CAREY, Officer (CDC),<br><br>    Defendants / | No. C 09-0074 WHA (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. 1983. The complaint was dismissed, and plaintiff was granted leave to amend his first and third claims for relief. He timely filed an amended complaint.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff's claims arise from events at the Santa Cruz County Jail. The first and second claims in the amended complaint are amended claims from the original complaint. The amended complaint also adds a new claim challenging his placement in administrative segregation.

In the first claim in the amended complaint plaintiff alleges that at a disciplinary hearing conducted by defendants Wilson and Carey he was not given notice of the charge against him, not allowed to call witnesses, and was not allowed to read a statement. These allegations, when liberally construed, are sufficient to state a due process claim against Wilson and Carey. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).

In his second claim, plaintiff contends that his placement in the disciplinary isolation

unit for fifteen days violated his Eighth Amendment right not to be subject to cruel and unusual punishment. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In his original complaint, plaintiff alleged that in the disciplinary isolation unit he was not allowed visits and was only allowed out of his cell for four hours per week, was not allowed to interact with other inmates, had to eat his meals next to a toilet, and was not allowed to shower every day. Given that plaintiff was only in the unit for fifteen days, these allegations were found to be insufficient to state a plausible claim that his Eighth Amendment rights were violated. *See Norwood v. Vance*, No. 07-17322, slip op. at 8506-07 (9th Cir. July 9, 2009) (citing *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (temporary denial of outdoor exercise with no medical effects not a substantial deprivation). Plaintiff was given leave to amend this claim to allege additional facts that would state a plausible claim that the conditions were sufficiently serious to amount to an Eighth Amendment violation. Plaintiff has alleged no new facts regarding his isolation. Accordingly, this claim will be dismissed for failure to state a cognizable claim for relief.

In his third claim, plaintiff alleges that defendants Carey and Wilson placed him in administrative segregation for approximately 120 days without a hearing. The hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (applying *Hewitt v. Helms*, 459 U.S. 460 (1983)). After *Sandin v. Conner*, 515 U.S. 472, 484 (1995), allegations by a prisoner that he was denied due process in connection with the decision to administratively segregate him do not present a constitutionally cognizable claim, absent a showing that the specific deprivation at play meets the "real substance" test. *See, e.g., May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim after *Sandin*). *Sandin* requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the

3

challenged action in relation to the basic conditions of life as a prisoner. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). As it is possible that plaintiff will be able to show that the hardship of his administrative segregation conditions amount to "real substance" under *Sandin*, his claim, when liberally construed, will be allowed to proceed.

Plaintiff names L. Lofano as a defendant, alleging that he denied plaintiff's administrative grievances. This does not state a federal claim because there is no constitutional right to an administrative grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (although there certainly is a First Amendment right to petition the government for redress of grievances, there is no right to a response or any particular action).

**CONCLUSION**

1. Plaintiff first and third claims are cognizable as to defendants Carey and Wilson. Plaintiff's second claim is **DISMISSED** as to all defendants, and all of his claims are **DISMISSED** as to defendant Lofano.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter and copies of this order upon the defendants CRAIG WILSON, Lieutenant Sheriff; and S. CAREY, Disciplinary Officer, at the Santa Cruz County Sheriff's Department. A courtesy copy of the amended complaint and this order shall also be mailed to the Santa Cruz County Counsel's Office.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than ninety days from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

4

court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

    c. Defendants **shall** file a reply brief no later than fifteen days after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:   October 6, 2009  .

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\SOTO0074.SRV.wpd

5

**NOTICE -- WARNING**
**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**
**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.