IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOTO MARQUEZ, ) | No. C 09-0074 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION FOR SUMMARY JUDGMENT |
| vs. ) | |
| ) | |
| LT. SHERIFF CRAIG WILSON and ) | |
| OFFICER S. CAREY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

     Plaintiff Vincent Soto Marquez, a state prisoner, brought this case under 42 U.S.C. § 1983 against officials at the Santa Cruz County Jail, where he was incarcerated at the time of the underlying events. The Court ordered service of Plaintiff's amended complaint ("AC") upon Defendants. On September 30, 2010, the Court granted Defendants' motion for summary judgment as to Plaintiff's due process claims. (Docket No. 28.) The Court then directed Defendants to file a dispositive motion regarding Plaintiff's remaining retaliation claim. On October 6, 2010, Defendants filed a motion for summary judgment on Plaintiff's retaliation claim. Although given an opportunity, Plaintiff did not file an opposition. Having carefully considered the underlying pleadings and for the reasons discussed below, Defendants' motion for summary judgment is GRANTED.

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.LHK\CR.09\Soto074msj2.wpd

# BACKGROUND[1]

On November 24, 2008, Correctional Officer H. Moreno filed an incident report based on an encounter with Plaintiff. (Decl. Carey at ¶ 2, Ex. A.) The report stated that Plaintiff had violated "Rule # 22. Quarreling/fight/threat toward inmate/staff." (Decl. Carey, Ex. A at 1.) Based on Moreno's version of events, on November 24, 2008, Defendant Carey served Plaintiff with a Notice of Disciplinary Action. (Decl. Carey at ¶ 3, Ex. B; AC at 2.) After a hearing, Defendant Wilson, the hearing officer, found Plaintiff guilty, and assessed him 30 days in disciplinary isolation, which was later reduced to 15 days. (AC at 4; Decl. Wilson at ¶ 7.)

According to Plaintiff, after the disciplinary hearing, Wilson told him that after he served his time in disciplinary isolation, Plaintiff would be re-housed in the E Unit where he had been housed prior to November 20, 2008. (Dkt. No. 22 ("Opp.") at 9.)[2] Plaintiff filed a state habeas petition while in disciplinary isolation. (*Id.*) Defendants assert that because Carey received information that Plaintiff would be in danger if he were returned to the E Unit (Decl. Carey, Ex. G), and because Plaintiff had demonstrated a pattern of being difficult with the jail staff, which could have led to disturbances in the institution (Decl. Wilson at ¶ 12, Ex. H), the decision was made to place him in administrative segregation. Administrative segregation is non-punitive and used to protect the welfare of the inmates and staff, prevent disobedience, maintain order, and prevent escapes. (Decl. Wilson at ¶ 11.) Plaintiff says he was not a flight risk or prone to assaulting or disrupting jail staff. (Opp. at 10.) Plaintiff disputes that he needed protective custody in administrative segregation because there was no evidence that his life was in danger, or that anyone had threatened him. (Opp. at 11.)

# LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material

---

[1] The following facts are undisputed except where indicated.

[2] Although Plaintiff did not file an opposition to the motion for summary judgment on his retaliation claim, because Plaintiff discussed his retaliation claim in his opposition to the motion for summary judgment regarding the due process claims, the Court will treat that pleading as an opposition to the instant motion. *Cf. Johnson v. Meltzer*, 134 F.3d 1393, 1400 (9th Cir. 1998) ("Like a verified complaint, a verified motion functions as an affidavit.").

1  fact remain and when, viewing the evidence most favorably to the non-moving party, the movant
2  is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477
3  U.S. 317, 322-23 (1986).

4  The moving party bears the burden of showing that there is no material factual dispute.
5  Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits
6  or other evidentiary material.  *Celotex*, 477 U.S. at 324.  The Court must draw all reasonable
7  inferences in favor of the party against whom summary judgment is sought.  *Matsushita Elec.*
8  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

9  Material facts which would preclude entry of summary judgment are those which, under
10  applicable substantive law, may affect the outcome of the case.  The substantive law will identify
11  which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where the
12  moving party does not bear the burden of proof on an issue at trial, the moving party may
13  discharge its burden of showing that no genuine issue of material fact remains by demonstrating
14  that "there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S.
15  at 325.  The burden then shifts to the opposing party to produce "specific evidence, through
16  affidavits or admissible discovery material, to show that the dispute exists."  *Bhan v. NME*
17  *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).  A complete failure of proof concerning an
18  essential element of the non-moving party's case necessarily renders all other facts immaterial.
19  *Celotex*, 477 U.S. at 323.

20  **ANALYSIS**

21  Plaintiff alleges that the reason Defendants placed him in administrative segregation
22  following his disciplinary hearing was in retaliation for his filing a petition for writ of habeas
23  corpus and for generally being known as a successful "jailhouse lawyer."  Defendants argue that
24  they are entitled to judgment as a matter of law because there was a legitimate purpose for
25  placing Plaintiff into administrative segregation.

26  Retaliation by a state actor for the exercise of a constitutional right is actionable under 42
27  U.S.C. § 1983.  *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).  "Within
28  the prison context, a viable claim of First Amendment retaliation entails five basic elements:

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.LHK\CR.09\Soto074msj2.wpd

1  (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3)
2  that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his
3  First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional
4  goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The prisoner must prove all
5  the elements of a viable retaliation claim, including the absence of legitimate correctional goals
6  for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

      For purposes of any type of retaliation claim, a plaintiff must show a causal connection between a defendant's retaliatory animus and a subsequent injury. *Hartman v. Moore*, 547 U.S. 250, 259 (2006). The requisite causation must be but-for causation, i.e., without the prohibited animus, the adverse action would not have been taken. *Id.* at 260. Upon a prima facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action of which plaintiff complains. *Id.* If there is a finding that retaliation was not a but-for cause of the action of which the plaintiff complains, the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of retaliatory animus in the official's mind. *Id.* "It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway." *Id.*

      Here, prior to November 20, 2008, Plaintiff was housed for most of the time in E Unit, which was predominantly used for inmates needing protective custody. (Decl. Wilson at ¶ 10.) From November 20, 2008 through December 5, 2008, Plaintiff was housed in J Unit, which was used for inmates in administrative segregation. (*Id.*) From December 6, 2008 through December 20, 2008, Plaintiff was housed in Q Unit for his disciplinary housing. (*Id.*) From December 20, 2008 through March 18, 2009, Plaintiff was housed in J and K Units, which were used for inmates in administrative segregation. (*Id.*)

      As an initial matter, Plaintiff has failed to link Defendants to his retaliation claim. For example, he has presented no evidence to show that either of these Defendants had any knowledge that he filed a petition for writ of habeas corpus (Opp. at 9), or that they knew he was

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.LHK\CR.09\Soto074msj2.wpd

a "jailhouse lawyer who successfully litigated cases in this Court." (AC at 10.) Further, Plaintiff relies on the fact that he filed his petition for writ of habeas corpus sometime while he was serving his time for the disciplinary violation. While timing can properly be considered as circumstantial evidence of retaliatory intent, *Pratt*, 65 F.3d at 808, timing alone is insufficient to support a retaliation claim. *See id.* at 808-09. Nor does sheer speculation suffice. *See id.*

In addition, Defendants allege that there was a legitimate purpose for placing Plaintiff into administrative segregation. Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management." *Pratt*, 65 F.3d at 807. In particular, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id.*

First, Defendant Carey declares that an inmate implied to her that Plaintiff's safety would be in danger if he was re-housed in E Unit after his disciplinary housing. (Decl. Carey at ¶ 6, Ex. G.) She indicated the same in the Inmate Incident Log, dated November 25, 2008. (*Id.*) Second, Defendant Wilson claims that, pursuant to the Santa Cruz County Sheriff's Office procedures, an inmate may be housed in administrative segregation for a list of reasons. (Decl. Wilson at ¶¶ 11-12, Ex. G.) Here, Wilson declares that Plaintiff had demonstrated a pattern of being difficult with staff, which had the potential of leading to disturbances and unrest in the facility. (*Id.* at ¶ 12.)

Plaintiff argues that Defendants' assertion that he would be in danger if re-housed in the E Unit was not believable. (Opp. at 11.) However, Plaintiff's arguments are not evidence, and thus, does not create a genuine issue of material fact. *Cf.* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 249-50; *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (in equal protection case, conclusory statement of bias not sufficient to carry nomoving party's burden).

Plaintiff also argues that Defendants' assertion that his behavior had the potential of leading to disturbances and unrest was not persuasive because during the disciplinary hearing, Officer Craig noted that "although [Plaintiff] has some history of disruption it was not dangerous

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.LHK\CR.09\Soto074msj2.wpd

1 behavior." (Opp. at 10.) However, this statement tends to support rather than contradict
2 Defendants' decision to place Plaintiff in administrative segregation. The criteria for placement
3 into administrative segregation is not that an inmate must show *dangerous* behavior, but only
4 that there should be a determination that an inmate was prone to "disrupt the operations of the
5 jail, or are likely to need protection from other inmates." (Decl. Wilson, Ex. G.) Defendants
6 have proffered evidence that satisfied both criteria.

7 Plaintiff has not alleged facts or presented evidence from which the Court can infer that
8 Plaintiff's assignment to administrative segregation was for a reason other than that declared by
9 Defendants. That Plaintiff does not agree with Defendants' reasons for placement into
10 administrative segregation does not compel a conclusion that his placement was not based on
11 legitimate penological purposes. Because Plaintiff has failed to come forth with evidence from
12 which a jury could reasonably find for the nonmoving party, Defendants are "entitled to
13 judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

14 The Court finds there are no genuine issues of material fact as to Plaintiff's retaliation
15 claim and the Defendants are entitled to judgment as a matter of law. Accordingly, Defendants'
16 motion for summary judgment is GRANTED.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: _4/24/11_____

_____
LUCY H. KOH
United States District Judge

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.LHK\CR.09\Soto074msj2.wpd